IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CASE ACTION NO.: _____

KENNETH WAYNE JAMAR, an individual

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA, FRANCIS J. "ROCKY" HARNEN, JR., RUSSELL MORRISON, EDDIE McDANIEL, ANA FRANKLIN, CITY OF HUNTSVILLE, LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, and MATTHEW MONTAGUE

    Defendants.

## COMPLAINT

COMES NOW the plaintiff, KENNETH WAYNE JAMAR, an individual, and files this complaint against the defendants:

## INTRODUCTION

(1) This complaint asserts a cause of action against the United States of America pursuant to the Federal Tort Claims Act. (28 USCS §§1346(b), 2671, *et seq.*). This case also presents claims against Francis J. "Rocky" Harnen, Jr., pursuant to 42 U.SC. §1983, *Bivens vs. Six Unknown Named Agents,* 403 U.S. 388 (1971), and Alabama law. In addition, the complaint includes a civil rights action against each of the named individual law enforcement defendants, and state law tort claims against Francis J. "Rocky" Harnen, Jr., the City of Huntsville and the named law enforcement defendants employed by it.

## JURISDICTION

(2) This action arises under the Federal Tort Claims Act, 28 USCS §§1346(b), 2674. The Constitution of the United States, and the 4th and 14th Amendments thereto, and pursuant to 42 U.S.C. §1983, and 28 U.S.C. §§1346(b), 2671, *et seq.* This court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1346(b). This Court has supplement jurisdiction of the state law claims under 28 U.S.C. §1367.

## VENUE

(3) The Northern District of Alabama is an appropriate venue for this action under 28 U.S.C. §§1391(b)(1) and 1402(b) because Plaintiff and several of the defendants reside in this district and because the events or omissions giving rise to the claims made the basis of this suit occurred in this district.

## PARTIES

(4) KENNETH WAYNE JAMAR (hereafter "KENNETH JAMAR") is a citizen of the United States who lives in Limestone County, Alabama.

(5) THE UNITED STATES OF AMERICA (hereafter "UNITED STATES"), is a sovereign nation, that waived its sovereign immunity in actions brought pursuant to the Federal Tort Claims Act, 28 USCS §§1346(b), 2674. The UNITED STATES is subject to liability to KENNETH JAMAR in this action pursuant to Congress's express intention in the Federal Tort Claims Act to compensate victims for the wrongful conduct of governmental employees conducting government activities in circumstances in which a private person would be liable.

(6) FRANCIS J. "ROCKY" HARNEN, JR. (hereafter "AGENT HARNEN") is an individual who at all times material to this suit was acting as a law enforcement officer in the line and scope of his employment with the UNITED STATES as a special agent with the UNITED STATES Drug Enforcement Agency (hereafter "DEA") at its post in Huntsville, Alabama.

(7) RUSSELL MORRISON (hereafter "AGENT MORRISON") is an individual who at all times material to this suit was acting as a law enforcement officer in the line and scope of his employment with the Alabama Bureau of Investigation ("ABI") and/or the UNITED STATES in his capacity as an authorized federal agent of the DEA.

(8) EDDIE McDANIEL (hereafter "McDANIEL") is a Madison County Sheriff's Deputy who at all times material to this suit was acting as a law enforcement officer in the line and scope of his employment with Madison County, Alabama, and/or the UNITED STATES as a member of the Huntsville-Madison County Strategic Counterdrug Team ("STAC").

(9) ANA FRANKLIN (hereafter "FRANKLIN") is an investigator with Morgan County Sheriff's Department who at all times material to this suit was acting as a law enforcement officer in the line and scope of her employment with the Morgan County, Alabama, and/or the UNITED STATES as a member of STAC.

(10) LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, and MATTHEW MONTAGUE (hereafter the "HUNTSVILLE SWAT TEAM ") are individual law enforcement defendants who at all times material to this suit were acting as members of the CITY OF HUNTSVILLE police department's SWAT TEAM.

2

(11) The CITY OF HUNTSVILLE is a municipal corporation located in Madison County, Alabama, who was the employer of LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, and MATTHEW MONTAGUE at all times relevant to this suit, and who worked in cooperation with the DEA, AGENT HARNEN, STAC and other involved agencies in the service and execution of certain search warrants in connection with an ongoing DEA investigation of an alleged narcotics distribution organizations in northern Alabama.

## **FACTUAL BACKGROUND**

(12) On the morning of June 27, 2006, and while in his bed at home, KENNETH JAMAR was shot several times by these defendants described herein as members of the HUNTSVILLE SWAT TEAM. The HUNTSVILLE SWAT TEAM had unlawfully entered his home as part of an effort to serve and execute a search warrant. KENNETH JAMAR was not the subject of any criminal investigation, and neither he nor the address of his home was mentioned or described in the search warrant at issue. The HUNTSVILLE SWAT TEAM entered the wrong house and shot an innocent man.

(13) The search warrant at issue was obtained by AGENT HARNEN on June 23, 2006, on behalf of the DEA as part of its investigation of an alleged narcotics distribution organization in northern Alabama. That same date, AGENT HARNEN executed an "Affidavit in Support of Criminal Complaint" wherein he stated that since October, 2004, the DEA Huntsville Post of Duty, Madison-Morgan County Strategic Counter Drug (STAC) HIDTA Team, Decatur Police Department, Morgan County Drug Task Force, Immigration and Customs Service (ICE) and the Bureau of Alcohol Tobacco and Fire Arms (ATF) had been investigating a narcotics distribution organization of an alleged drug ring that imported multi-pound quantities of illegal drugs into Northern Alabama. AGENT HARNEN stated in his sworn affidavit that the primary importer of the controlled substances and head of the drug organization was an individual named Oscar Xicotencah Salomon (hereafter "Salomon"). In the affidavit, AGENT HARNEN described numerous surveillance and undercover activities undertaken by members of the DEA, STAC, Morgan County Drug Task Force, Bureau of Alcohol, Tobacco and Firearms and others during the course of the investigation wherein the identities were discovered of numerous individuals allegedly engaged with Salomon in the illegal distribution of drugs.

(14) According to the information set out by AGENT HARNEN in his affidavit, a "source of information" communicated to AGENT HARNEN and other involved law enforcement personnel that an individual named Jerome Wallace held conversations with Salomon regarding the distribution of marijuana and other drugs. Jerome Wallace is Kenneth Jamar's nephew who, at the time, lived in a home a few houses down the street from Kenneth Jamar's home. Based on the affidavit submitted by AGENT HARNEN, Harwell G. Davis, III, United States Magistrate Judge for the Northern District of Alabama, issued a search warrant for the premises located at 13355 Honey Way, Madison (Limestone County), Alabama 35757. This is the address for the home where Jerome Wallace - *not* Kenneth Jamar - lived.

3

(15) As part of the investigation into the alleged drug operation in Northern Alabama, AGENT HARNEN enlisted the help of the HUNTSVILLE SWAT TEAM for the purpose of providing assistance and security during the service and execution of various warrants, including the warrant directed to Jerome Wallace's residence. In preparation for the service of the warrants, including the search warrant for Jerome Wallace's home, AGENT HARNEN met with the HUNTSVILLE SWAT TEAM, AGENTS MORRISON and McDANIEL, and the other officers and agencies involved in the investigation on or about June 26, 2007. While AGENT HARNEN briefed these law enforcement defendants, he negligently directed them to serve the warrant at the home belonging to Kenneth Jamar, who lived at 13889 Honey Way, instead of at the home of Jerome Wallace as described on the face of the warrant as 13355 Honey Way, Madison (Limestone County), Alabama 35757.

(16) At some point before June 27, 2006, AGENT HARNEN and/or one of the other named law enforcement defendants obtained an ariel photograph from the Internet site "Google" which pictured several homes on Honey Way in Madison, Alabama, including the homes of Kenneth Jamar and the home of Jerome Wallace. In describing the exact location of Jerome Wallace's home at 13355 Honey Way, the DEA, acting through AGENT HARNEN, AGENT MORRISON or AGENT McDANIEL, or another of the UNITED STATES OF AMERICA's duly authorized employees or agents, incorrectly circled the home belonging to Kenneth Jamar as the location where the HUNTSVILLE SWAT TEAM, AGENT MORRISON and AGENT McDANIEL were to serve the warrant pertaining to Jerome Wallace.

(17) On the morning of June 27, 2006, the HUNTSVILLE SWAT TEAM assisted AGENT MORRISON and AGENT McDANIEL in the service and execution of search warrants to several suspects relating to the DEA investigation. When the various federal and local law enforcement defendants descended upon Jerome Wallace's neighborhood that morning, the HUNTSVILLE SWAT TEAM went to the home of Kenneth Jamar to serve the warrant instead of going to the address for Jerome Wallace's house as indicated on the warrant. AGENT MORRISON and AGENT McDANIEL participated at the scene in front of Kenneth Jamar's home to direct the HUNTSVILLE SWAT TEAM to the home of Kenneth Jamar which is located at 13889 Honey Way instead of to the address for Jerome Wallace indicated plainly on the face of the warrant.

(18) The HUNTSVILLE SWAT TEAM and AGENTS MORRISON and McDANIEL approached the front door of Kenneth Jamar's home located at 13889 Honey Way. As they approached his home, the HUNTSVILLE SWAT TEAM was equipped with assault weapons, helmets and a full complement of protective gear and equipment. At the time the HUNTSVILLE SWAT TEAM descended upon his home, Kenneth Jamar was asleep in bed. After entering the front door of the home without Kenneth Jamar's knowledge or consent, the HUNTSVILLE SWAT TEAM kicked open the door to Kenneth Jamar's bedroom suddenly waking him up.

(19) As the HUNTSVILLE SWAT TEAM proceeded into his bedroom, the HUNTSVILLE SWAT TEAM used deadly force by firing their assault weapons toward Kenneth Jamar as he lay in his bed causing him to suffer several grievous and life-threatening gun shot wounds.

(20) During the illegal intrusion of Kenneth Jamar's home on June 27, 2006, by the HUNTSVILLE SWAT TEAM and AGENTS MORRISON and McDANIEL, Kenneth Jamar did not fire a weapon, make threatening statements or commit any threatening acts toward any of the HUNTSVILLE SWAT TEAM or AGENTS MORRISON and McDANIEL.

(21) At no point prior to or during the illegal intrusion of Kenneth Jamar's home did Kenneth Jamar commit a crime, pose an immediate threat to the safety to the HUNTSVILLE SWAT TEAM or AGENTS MORRISON or McDANIEL, or resist arrest.

(22) At no time prior to or during the events of June 27, 2006, was Kenneth Jamar connected to, mentioned or described in any part of AGENT HARNEN and the DEA's investigation, nor did his name or address appear in any affidavit or search warrant that the HUNTSVILLE SWAT TEAM and AGENTS MORRISON and McDANIEL were attempting to serve and execute on June 27, 2006.

(23) As a proximate result of the described conduct of each of the named defendants, including the UNITED STATES, AGENT HARNEN, AGENT MORRISON, AGENT McDANIEL, AGENT FRANKLIN, CITY OF HUNTSVILLE AND THE HUNTSVILLE SWAT TEAM, Kenneth Jamar suffered severe personal injuries and property damages which include, but are not limited to, the following:

    (a) several gunshot wounds to his body;
    (b) pain and suffering;
    (c) mental anguish and emotional distress;
    (d) surgical intervention and repairs;
    (e) loss and removal of his genitalia;
    (f) permanent physical injuries:
    (g) past medical bills and costs;
    (h) medical bills and costs for his future care and treatment of his injuries; and
    (i) property damages to his home and personal property.

## **COUNT ONE**

### *Claims under the FTCA*

(24) Plaintiff incorporates and realleges paragraphs 1-23 as if fully set out herein.

(25) AGENT HARNEN and the DEA, as employees and agents of the UNITED STATES, and while acting within the line and scope of their employment with the UNITED STATES, negligently directed the HUNTSVILLE SWAT TEAM, AGENT MORRISON, AGENT McDANIEL and other law enforcement personnel to the home of Kenneth Jamar located at 13889 Honey Way instead of to the home of the criminal suspect of the DEA's investigation, Jerome Wallace, as mandated by the search warrant issued by the court on June 23, 2006.

(26) AGENT MORRISON, AGENT McDANIEL, AGENT FRANKLIN and the DEA, as employees and agents of the UNITED STATES, and acting within the line and scope of their employment with the UNITED STATES, acted negligently in directing the HUNTSVILLE SWAT TEAM, and other law enforcement agencies to the home of Kenneth Jamar located at 13889 Honey Way instead of to the home of criminal suspect Jerome Wallace at 13355 Honey Way as mandated by the search warrant issued by the court on June 23, 2006.

(27) The UNITED STATES, through its employees and agents including AGENT HARNEN, AGENT MORRISON, AGENT MCDANIEL, AGENT FRANKLIN and the DEA, breached these duties they owed Kenneth Jamar under Alabama law to act reasonably in the manner the search warrant was served on the morning of June 27, 2006. The duties owed to Kenneth Jamar included, but are not limited to, the following:

- A. to direct law enforcement personnel to serve the search warrant at the correct location as indicated on the search warrant itself;
- B. to take appropriate measures to accurately identify and locate the home described in the warrant;
- C. to take appropriate measures to avoid the unreasonable invasion of Kenneth Jamar's rights to privacy;
- D. to take appropriate measures to avoid the unreasonable search and seizure of his person and property;
- E. to take appropriate measures to follow standard police procedures to avoid the unreasonable use of excessive and deadly force;
- F. to first present probable cause and obtain a valid search warrant from an authorized court of law before directing law enforcement agencies and officers to enter Kenneth Jamar's home.

(28) Kenneth Jamar enjoyed the protections of all rights and privileges afforded to him as a citizen of the state of Alabama where the wrongful acts committed against him by the UNITED STATES, through AGENT HARNEN, AGENT MORRISON, AGENT MCDANIEL, AGENT FRANKLIN and the DEA, occurred. The state of Alabama recognizes an individual's common law right to pursue a cause of action for negligence in a court of law, and furthermore recognizes the doctrine of *respondeat superior* for an employer's vicarious liability for the wrongful conduct of its employees. The UNITED STATES, as the entity ultimately responsible for the negligent acts committed by AGENT HARNEN, AGENT MORRISON, AGENT MCDANIEL and the DEA, if it was a private

6

individual, would be liable to Kenneth Jamar under Alabama law for the negligent conduct committed by its employees and agents as described herein. Therefore, the UNITED STATES is liable to Kenneth Jamar for the described negligent conduct of its employees and agents under the Federal Tort Claims Act, 28 USCS §, 2674 and applicable federal law.

(29) As a proximate result of AGENT HARNEN, AGENT MORRISON, AGENT MCDANIEL, AGENT FRANKLIN and the DEA's negligence, the UNITED STATES proximately caused Kenneth Jamar to be personally injured by the HUNTSVILLE SWAT TEAM when they wrongfully entered his home and wrongfully fired their weapons into his room and at his person.

(30) Pursuant to Alabama law and the provisions of the Federal Tort Claims Act 28 USCS §, 2674, the UNITED STATES is liable to Kenneth Jamar for money damages for those personal injuries and property damages caused by the negligent acts or omissions of its employees, including AGENT HARNEN, AGENT MORRISON, AGENT MCDANIEL, AGENT FRANKLIN and the DEA, as well as any other authorized agents of the UNITED STATES whom were acting within the line and scope of their employment under the circumstances of this case as described herein where, under Alabama law, a private person would be liable to Kenneth Jamar for the same negligence.

WHEREFORE, premises considered, Plaintiff, Kenneth Jamar, demands judgment against the UNITED STATES OF AMERICA for any and all compensatory damages to which he may be legally entitled and which will fairly and adequately compensate the plaintiff for his injuries and damages sustained and the costs of this proceeding.

## COUNT TWO

### *§1983 Claims*

(31) Plaintiff adopts and realleges Paragraphs 1-30 as if fully set out herein and in support of the following claims.

(32) On the morning of June 27, 2006, and throughout the time that defendants, AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) were within Kenneth Jamar's home on June 27, 2006. These defendants, jointly and severally, committed an unlawful search and seizure infringing upon Kenneth Jamar's personal liberty, property rights and right to due process of law in violation of the 4th and 14th amendments of the *United States Constitution* creating a cause of action under 42 U.S.C. §1983.

(33) At the time AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM entered the home of Kenneth Jamar without a warrant, without probable cause and without Kenneth Jamar's consent for the purpose of executing a search

warrant pertaining to another individual at a separate address, the law was clearly established that this conduct was in violation of an individual's 4th and 14th amendment rights under the *United States Constitution* and that such conduct constituted an illegal search and seizure.

(34) At the time AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM entered into the home of Kenneth Jamar without a warrant on the morning of June 27, 2006, the law was clearly established that law enforcement shall not search or seize property or a person without a warrant and without probable cause.

(35) At the time AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM entered into the home of Kenneth Jamar without a warrant on the morning of June 27, 2006, the law was clearly established that law enforcement may not enter the home of private individuals to make an arrest or to search property or individuals without a warrant unless exigent circumstances existed. There were no exigent circumstances to justify the law enforcement defendants entry into Kenneth Jamar's home on June 27, 2006.

(36) At the time AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM entered into the home of Kenneth Jamar without a warrant on the morning of June 27, 2006, the law was clearly established that, without an objectively reasonable basis to do so, law enforcement may not enter into the dwelling of a private individual without a warrant authorizing entry into a particular dwelling without being subjected to 42 U.S.C. §1983 liability for violating an individual's 4th and 14th amendment rights to remain free of illegal searches and seizures from government officials which infringe upon the individuals personal liberty, property rights and/or rights to due process of law.

(37) At the time AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM entered into the home of Kenneth Jamar on the morning of June 27, 2006, the law was clearly established that any seizure of property or persons committed pursuant to a warrant that fails to conform to the particularity requirements of the 4th amendment is unconstitutional, and that any law enforcement who participated in wrongfully procuring and/or executing an invalid warrant may be subjected to liability pursuant to 42 U.S.C. §1983 for conducting an illegal search and seizure in violation of an individuals rights to personal liberty and property rights under the 4th and 14th amendments of the U.S. Constitution.

(38) At the time AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM entered into the home of Kenneth Jamar on the morning of June 27, 2006, AGENT FRANCIS J. "ROCKY" HARNEN, JR., conspired with the HUNTSVILLE SWAT TEAM, AGENT McDANIEL, AGENT MORRISON AND AGENT FRANKLIN to commit an illegal search and seizure in the home of Kenneth Jamar on June 27, 2006, by wrongfully directing AGENT MORRISON, AGENT McDANIEL, and the HUNTSVILLE SWAT TEAM to enter Kenneth Jamar's home without a warrant, without probable cause, and

without any reasonably objective reason to do so, in violation of his 4th and 14th amendment rights to be free from governmental intrusion upon his personal liberty, property and rights to due process of law.

WHEREFORE premises considered Plaintiff, Kenneth Jamar, demands judgment against each of the individually named defendants, RUSSELL MORRISON, EDDIE McDANIEL, LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE, and FRANCIS J. "ROCKY" HARNEN, JR. , for any and all compensatory damages to which he may be legally entitled and which will fairly and adequately compensate the plaintiff for his injuries and damages sustained and the costs of this proceeding.

## COUNT THREE

### *Bivens Action*

(39) Plaintiff adopts and reallages Paragraphs 1-38 as if fully set out herein and in support of the following claims.

(40) On June 27, 2006, Kenneth Wayne Jamar suffered violations of his constitutional rights under the 4th amendment to be free from an unlawful search and seizure committed by defendant, AGENT FRANCIS J. "ROCKY" HARNEN, JR., who illegally directed law enforcement personnel to attempt to execute a warrant intended for another individual at a separate address without probable cause and/or without any reasonable basis to suspect the suspect made the subject of the warrant (i.e., Jerome Wallace) and/or the items described in the search warrant were within Kenneth Jamar's home.

(41) At the time AGENT FRANCIS J. "ROCKY" HARNEN, JR. wrongfully directed law enforcement personnel to illegally enter the home of Kenneth Jamar for the purpose of serving the warrant intended for Jerome Wallace and/or the home of Jerome Wallace at a separate address, the law was clearly established that individuals such as Kenneth Wayne Jamar enjoy the 4th amendment right to be free from government intrusion into their personal liberty and/or property without a valid warrant, probable cause and/or exigent circumstances.

(42) At the time AGENT FRANCIS J. "ROCKY" HARNEN, JR. wrongfully directed law enforcement personnel to illegally enter the home of Kenneth Jamar for the purpose of serving the warrant intended for Jerome Wallace and/or the home of Jerome Wallace at a separate address, the law was clearly established under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) that individual federal agents were subject to suit for committing constitutional violations against private individuals such as Kenneth Jamar for violating his 4th amendment right to be free from governmental intrusion to his personal liberty and property without a valid warrant, probable cause and/or exigent circumstances. Under 28 U.S.C. §1331, Kenneth Wayne Jamar has the right to bring suit against Federal AGENT FRANCIS J. "ROCKY" HARNEN, JR. for the invasion of his rights as described herein.

WHEREFORE premises considered Plaintiff, Kenneth Jamar, demands judgment against defendant FRANCIS J. "ROCKY" HARNEN, JR. , for any and all compensatory damages to which he may be legally entitled and which will fairly and adequately compensate the plaintiff for his injuries and damages sustained and the costs of this proceeding.

## **COUNT FOUR**

### *Negligence*

(43) Plaintiff adopts and reallages Paragraphs 1-42 as if fully set out herein and in support of the following claims.

(44) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE), and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, negligently breached their duties as law enforcement personnel to serve and execute the search warrant at Jerome Wallace's home at 13355 Honey Way, Madison, Alabama 35757, as ordered by the U.S. District Court of the Northern District of Alabama, when Defendant CITY OF HUNTSVILLE and the HUNTSVILLE SWAT TEAM defendants illegally entered the home of Kenneth Jamar at 13389 Honey Way, Madison, Alabama 35758 instead of the address listed for Jerome Wallace as plainly written on the search warrant on June 27, 2006

(45) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, negligently violated Kenneth Jamar's rights and privileges granted to him under the Constitution of the State of Alabama and/or those Alabama laws, rules or regulations that were enacted or promulgated for the purpose of regulating the activities of law enforcement agencies, in their attempts to serve the search warrant intended for Jerome Wallace's residence on June 27, 2006.

(46) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, negligently violated those city, county and/or state laws, rules or regulations that were enacted or promulgated for the purpose of regulating the activities of law enforcement agencies when said Defendants illegally raided the home of Kenneth Jamar as described herein.

(47) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE

and/or individual capacity as a federal employee, acted negligently when they, jointly and severally, used unjustifiable deadly force upon Kenneth Jamar during the illegal raid at his home described herein.

(48) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, acted in bad faith and/or beyond their authority or under a mistaken interpretation of the law when they negligently conducted an illegal raid of Kenneth Jamar's home in violation of the provisions of the search warrant at issue which required that the warrant be served at the premises and person belonging to Jerome Wallace located at 13355 Honey Way, Madison, Alabama 35757.

(49) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, acted in bad faith and/or beyond their authority or under a mistaken interpretation of the law when they negligently used deadly force during the illegal raid of Kenneth Jamar's home when said Defendants did not face an immediate threat to their safety, when Kenneth Jamar was not actively resisting arrest, when Kenneth Jamar had not committed a crime, and when Kenneth Jamar was not the subject of a criminal investigation at the time the Defendants illegally raided his home.

(50) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee as described herein, combined and concurred to proximately cause Kenneth Jamar's injuries and damages which include, but are not limited to those damages described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of compensatory damages and against defendants CITY OF HUNTSVILLE, and the HUNTSVILLE SWAT TEAM Defendants described herein as LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, for those wrongful acts committed by each of these defendants while acting in their official and individual capacities as employees of Defendant CITY OF HUNTSVILLE and/or their individual capacity as a federal employee, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts. Further, plaintiff requests that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT FIVE

### *Wantonness*

(51) Plaintiff incorporates and realleges paragraphs 1-50 as if fully set out herein.

(52) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE), and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, wantonly breached their duties as law enforcement personnel to serve and execute the search warrant at Jerome Wallace's home at 13355 Honey Way, Madison, Alabama 35757, as ordered by the U.S. Magistrate Court for the Northern District of Alabama, when Defendant CITY OF HUNTSVILLE and the HUNTSVILLE SWAT TEAM Defendants illegally entered the home of Kenneth Jamar at 13389 Honey Way, Madison, Alabama 35758 instead of the address listed for Jerome Wallace as plainly written on the search warrant on June 27, 2006

(53) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, wantonly violated Kenneth Jamar's rights and privileges granted to him under the Constitution of the State of Alabama and/or those Alabama's laws, rules or regulations that were enacted or promulgated for the purpose of regulating the activities of law enforcement agencies, in their attempts to serve the search warrant intended for Jerome Wallace's residence on June 27, 2006.

(54) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, wantonly violated those city, county and/or state laws, rules or regulations that were enacted or promulgated for the purpose of regulating the activities of law enforcement agencies when said Defendants illegally raided the home of Kenneth Jamar as described herein.

(55) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, acted wantonly when they, jointly and severally, used unjustifiable deadly force upon Kenneth Jamar during the illegal raid at his home described herein.

(56) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, acted in bad faith and/or beyond their authority or under a mistaken interpretation of the law when they wantonly conducted an illegal raid of Kenneth Jamar's home in violation of the provisions of the search warrant at issue which required that the warrant be served at the premises and/or persons at the home of Jerome Wallace located at 13355 Honey Way, Madison, Alabama 35757.

(57) The Defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee, acted in bad faith and/or beyond their authority or under a mistaken interpretation of the law when they wantonly used deadly force during the illegal raid of Kenneth Jamar's home when said Defendants did not face an immediate threat to their safety, when Kenneth Jamar was not actively resisting arrest, when Kenneth Jamar had not committed a crime, and when Kenneth Jamar was not the subject of a criminal investigation at the time the Defendants illegally raided his home.

(58) The wrongful conduct of the defendant CITY OF HUNTSVILLE, the HUNTSVILLE SWAT TEAM defendants, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE and/or individual capacity as a federal employee as described herein, combined and concurred to proximately cause Kenneth Jamar's injuries and damages which include, but are not limited to those damages described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of both compensatory and punitive damages against the HUNTSVILLE SWAT TEAM Defendants described herein as LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE, and FRANCIS J. "ROCKY" HARNEN, JR., jointly and severally, for the wrongful conduct committed by them while acting in their official and individual capacities as employees of Defendant CITY OF HUNTSVILLE, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts. Further, plaintiff request that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT SIX

### *Trespass*

(59) Plaintiff incorporates and realleges paragraphs 1-58 as if fully set out herein.

(60) The HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, wrongfully committed an intentional trespass upon Kenneth Jamar's home and property located at 13389 Honey Way, Madison, Alabama 35758 when said defendants illegally raided his home without a search warrant and without probable cause.

(61) The trespass committed by the HUNTSVILLE SWAT TEAM Defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, were committed intentionally and with force and without plaintiff's consent.

(62) As a proximate result of the trespass committed by the HUNTSVILLE SWAT TEAM Defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, plaintiff suffered damages to his property and person.

(63) The wrongful conduct of the HUNTSVILLE SWAT TEAM Defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE as described herein, combined and concurred to proximately cause Kenneth Wayne Jamar's injuries and damages which include, but are not limited to those damages described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of both compensatory and punitive damages against the HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) jointly and severally and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts. Further, plaintiff request that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## **COUNT EIGHT**

### *Invasion of Privacy*

(64) Plaintiff incorporates and realleges paragraphs 1-63 as if fully set out herein.

(65) The HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE), jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, wrongfully intruded upon Kenneth Jamar's solitude or seclusion in his home. The wrongful intrusion committed by the HUNTSVILLE SWAT TEAM defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, was such that it would cause outrage, mental suffering, shame or humiliation to a person of ordinary sensibilities.

(66) The wrongful intrusion committed by the HUNTSVILLE SWAT TEAM defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, constituted an invasion of Kenneth Jamar's privacy.

(67) The wrongful conduct of the HUNTSVILLE SWAT TEAM defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE as described herein, combined and concurred to proximately cause Kenneth Jamar's injuries and damages which include, but are not limited to those damages described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of both compensatory and punitive damages against the HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) jointly and severally and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts. Further, plaintiff request that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT NINE

### *Outrageous Conduct*

(68) Plaintiff incorporates and realleges paragraphs 1-67 as if fully set out herein.

(69) The described wrongful conduct of the HUNTSVILLE SWAT TEAM defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE), jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, was so outrageous in character and so extreme in degree and scope so as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in civilized society and such conduct either intentionally or recklessly caused Kenneth Jamar emotional distress so severe that no reasonable person could be expected to endure it.

(70) The wrongful conduct of the HUNTSVILLE SWAT TEAM defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE as described herein, combined and concurred to proximately cause Kenneth Jamar's injuries and damages which include, but are not limited to, those damages described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of both compensatory and punitive damages against the HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) jointly and severally and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts. Further, plaintiff request that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT TEN

### *Assault and Battery*

(71) Plaintiff incorporates and realleges paragraphs 1-70 as if fully set out herein.

(72) The HUNTSVILLE SWAT TEAM defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE), jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, committed an assault and battery upon the person of Kenneth Jamar by unlawfully shooting him during an illegal and hostile raid of his home.

(73) The wrongful conduct of the HUNTSVILLE SWAT TEAM defendants, jointly and severally, and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE as described herein, combined and concurred to proximately cause Kenneth Jamar's injuries and damages which include, but are not limited to those damages described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of both compensatory and punitive damages against the HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) jointly and severally and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts. Further, plaintiff request that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT ELEVEN

### *Vicarious Liability*

(74) Plaintiff incorporates and realleges paragraphs 1-73 as if fully set out herein.

(75) At all times material to this suit, the HUNTSVILLE SWAT TEAM defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE), jointly and severally, were acting within the line and scope of their employment with the defendant CITY OF HUNTSVILLE.

(76) As the employer for the HUNTSVILLE SWAT TEAM defendants, the defendant CITY OF HUNTSVILLE is vicariously liable to the plaintiff for the HUNTSVILLE SWAT TEAM defendants wrongful conduct committed in the line and scope of their employment in both their official and individual capacities.

(77) As the principal who employed the law enforcement agents described in this complaint as the HUNTSVILLE SWAT TEAM defendants, the defendant CITY OF HUNTSVILLE is liable to Kenneth Jamar for the wrongful acts committed by its agents which combined and concurred to proximately cause those damages to Kenneth Jamar described previously in this complaint at paragraph no. 23.

WHEREFORE, PREMISES CONSIDERED, plaintiff hereby requests that a jury render a verdict in favor of plaintiff consisting of both compensatory and punitive damages against the HUNTSVILLE SWAT TEAM Defendants (i.e., LARRY SHIELDS, SCOTT WIDNER, RODNEY BAKER, ROBERT DENOON, MATTHEW MONTAGUE) jointly and severally and while acting in their official and individual capacities as employees of CITY OF HUNTSVILLE, and to award damages to plaintiff in an amount which will fairly and adequately compensate the plaintiff for his injuries and damages due to the defendants' wrongful acts, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts. Further, plaintiff request that the Court enter judgment consistent with the verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

Attorneys for Plaintiff:

_____
DAVID H. MARSH (MAR020)
dmarsh@mrblaw.com

_____
ALAN B. LASSETER (LAS007)
alasseter@mrblaw.com

_____
RIP ANDREWS (AND100)
randrews@mrblaw.com

**OF COUNSEL:**

**MARSH, RICKARD & BRYAN, P.C.**
800 Shades Creek Parkway
Suite 600-D
Birmingham, Alabama 35209
Telephone: (205)879-1981
Facsimile: (205) 879-1986

### JURY DEMAND

Plaintiff hereby demands a struck jury for the trial of this cause.

_____
Attorney for the Plaintiff

**SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

THE UNITED STATES OF AMERICA
c/o Michael B. Mukasey, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

THE UNITED STATES OF AMERICA
c/o Alice H. Martin, U.S. Attorney
Northern District of Alabama
400 Meridian Street
Suite 304
Huntsville, Alabama 35801

FRANCIS J. "ROCKY" HARNEN, JR.
Federal Drug Enforcement Agency
101 Holmes Avenue NE
#B3
Huntsville, Alabama 35801

FRANCIS J. "ROCKY" HARNEN, JR.
c/o Alice H. Martin, U.S. Attorney
Northern District of Alabama
400 Meridian Street
Suite 304
Huntsville, Alabama 35801

RUSSELL MORRISON
Alabama Bureau of Investigations
908 Bankhead Highway West
Birmingham, Alabama 35204

EDDIE McDANIEL
Madison County Sheriff's Dept.
5827 Oakwood Rd. NE
Huntsville, Alabama 35806

ANA FRANKLIN
Morgan County Sheriff's Dept.
119 Lee Street NE
Decatur, Alabama 35601

CITY OF HUNTSVILLE
George W. Royer, Jr., Esq.
LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
Huntsville, Alabama 35804

LARRY SHIELDS
c/o C. Gregory Burgess, Esq.
FEES & BURGESS, P.C.
213 Green Street
Huntsville, Alabama 35801

SCOTT WIDNER
c/o C. Gregory Burgess, Esq.
FEES & BURGESS, P.C.
213 Green Street
Huntsville, Alabama 35801

RODNEY BAKER
c/o C. Gregory Burgess, Esq.
FEES & BURGESS, P.C.
213 Green Street
Huntsville, Alabama 35801

ROBERT DENOON
c/o C. Gregory Burgess, Esq.
FEES & BURGESS, P.C.
213 Green Street
Huntsville, Alabama 35801

MATTHEW MONTAGUE
c/o C. Gregory Burgess, Esq.
FEES & BURGESS, P.C.
213 Green Street
Huntsville, Alabama 35801